IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

POWER SYSTEMS & CONTROLS, INC.,

Plaintiff,

v.

Civil Action Number 3:10CV137

SCHNEIDER ELECTRIC USA, INC. f/k/a
SQUARE D COMPANY,

Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Compel Arbitration by Defendant

Schneider Electric USA, Inc. f/k/a/ Square D Company ("Defendant") (Doc. No. 8.)  For the

reasons stated below and pursuant to the Court's May 26, 2010 Order (Doc. No. 19), the Motion is

GRANTED, and the proceedings are stayed until further notice.

## I.  BACKGROUND

On or about June 25, 2008 and subsequent to a $2,799,154 purchase order, Plaintiff Power

Systems & Controls, Inc. ("PS&C" or "Plaintiff") contracted with Defendant for certain equipment,

including a Rotary Frequency Converter.  On or about February 4, 2009, Defendant issued another

related purchase order to PS&C for $499,268.50.  In its Complaint, PS&C asserts that it has

performed all the work required under the contract, and that Defendant owes PS&C a balance of

$205,539.46 pursuant to the contract.

On March 3, 2010, Plaintiff filed suit alleging two counts of breach of contract.  In its

Complaint, Plaintiff asserts that the contract is comprised of several documents, including two

Proposals and the two Purchase Orders.  The Initial PS&C Proposal, issued January 28, 2008, and

1

the Acceleration PS&C Proposal, issued October 15, 2008, both contain an identical document titled

"Terms & Conditions." ("T&C").  In the Complaint, PS&C alleges that the T&C are part of the

contractual agreement between the parties, and seeks to enforce a section of the T&C against

Defendant, the "Payment Terms" clause.  In that clause, a charge of 1.5% per month is assessed for

all overdue payments.  Def.'s Mot. to Compel Ex. A, T&C ¶ 2(C).  The T&C also contain an

arbitration clause in Paragraph 8, which states:

> ARBITRATION:
>
> Purchaser and PS&C agree that any unresolved controversy or claim between
> them (except any claim for damages because of bodily injuries, including death
> resulting therefrom, or because of damage to or destruction of property) shall be
> settled by arbitration in Richmond, Virginia, in accordance with the rules of the
> American Arbitration Association, and the judgement [sic] upon the award
> rendered by the arbitrators entered in any court having jurisdiction thereof . . .

Def.'s Mot. Ex. A, T&C ¶ 8.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") was intended to "create a body of federal substantive

law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."  Moses

H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).  The FAA provides that a

written arbitration agreement between parties is valid, irrevocable, and enforceable.  9 U.S.C. §§ 3;

see also, Gibbs v. PFS Investments, Inc., 209 F. Supp. 2d 620, 624 (E.D. Va. 2002).  The FAA

reflects a liberal national policy favoring arbitration agreements.  Koridze v. Fannie Mae Corp., 593

F. Supp. 2d 863 (E.D.Va. 2009) (citing Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91

(2000)).

When parties enter into a valid arbitration agreement, and their dispute falls within the scope

of that agreement, the FAA requires the district court to stay proceedings and order arbitration.

Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d 297, 301 (4th Cir. 2002).

2

"Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200, 204 (4th Cir. 2004) (citing Moses, 460 U.S. at 24-25).

### III.  ANALYSIS

In its Motion to Compel, Defendant argues that because Plaintiff's Complaint relies on and asserts claims under the T&C, specifically paragraph 2(C) which requires 1.5% interest, the arbitration clause of the T&C must also apply.

In response, PS&C argues that Defendant should be precluded from claiming that any section of the T&C, including the arbitration clause, is part of the contract between the parties.  This argument is based on Defendant's assertion in its Answer and Counterclaim, denying that the T&C in either Proposal were part of the Contract, and asserting that neither Proposal expressly indicates acceptance of the T&C.  Instead, Defendant asserted in its Answer that the offer and acceptance of the contract consisted only of the two Purchase Orders and Plaintiff's subsequent performance of the work in reliance thereon.  See Def.'s Answer ¶ 12, 34, Counterclaim ¶¶ 4, 11.  Based on these statements, Plaintiff argues that Defendant is now equitably estopped from taking the position that any provision of the T&C, including the arbitration clause, applies.

Plaintiff cites Tepper Realty Co. v. Mosaic Tile Co., 259 F. Supp. 688, 692 (S.D.N.Y. 1966) for support, where the district court granted the defendant's motion for a stay pending arbitration. The court found that because the contract specifications contained an arbitration clause, if the plaintiff wanted to bring a cause of action against a defendant who was not named in the contract, then the matter would have to be arbitrated.  Plaintiffs in that case "[could not] rely on the contract, when it work[ed] to their advantage, and repudiate it when it work[ed] to their disadvantage" by

3

claiming that the defendant was a party to the contract, but denying the same for purposes of avoiding the arbitration agreement. Id. at 692.

However, as Defendant argues, the court's reasoning in Tepper provides more logical support for Defendant's position. Plaintiff's equitable estoppel assertion in fact undermines its argument against Defendant. As noted by the Fourth Circuit:

> Equitable estoppel precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity. In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of another's signature on a written contract precludes enforcement of the contract's arbitration clause when the party has consistently maintained that other provisions of the same contract should be enforced to benefit him.

Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 417-18 (4th Cir. 2000) (citations omitted). Additionally, where a party is seeking a direct benefit from a contract, it will be estopped from avoiding the part of the contract requiring arbitration. See R.J. Griffin & Co., et al. v. Beach Club II Homeowners Association, Inc., et al., 384 F.3d 157, 161-62 (4th Cir. 2004). Although the context of enforcement differed somewhat in those two cases, as the Fourth Circuit considered whether arbitration should control disputes with non-signatories, this Court finds that the same logic, in favor of equity, should apply in the instant case. It is Plaintiff here who seeks to avail itself of one provision of a document that it purports to be part of the contract, the T&C, while avoiding the consequences of that document's other provisions.

In the "Factual Allegations" section of Plaintiff's Complaint, which it incorporates by reference into both of its Breach of Contract claims, Plaintiff asserts that the T&C are part of the contract at issue. Pl.'s Compl. ¶¶ 18, 21 & 25. Plaintiff relies on the T&C in asserting its claims against Defendant, specifically in seeking the benefit of the T&C Payment Terms 1.5% penalty interest against Defendants as described in paragraph 2(C) of that provision. Id. As noted, the T&C also contain an arbitration clause.

4

The Court finds no merit to Plaintiff's claim that Defendant should be estopped from arguing that the arbitration clause must apply based on Plaintiff's Complaint.  Plaintiff was certainly on notice of this argument, as Defendant filed its Motion to Compel Arbitration on May 6, 2010, simultaneously with the filing of its Answer.  This, along with the fact that Plaintiff relied in its Complaint upon the very T&C that Defendant asserts should be enforced, supports the conclusion that Plaintiff has not suffered prejudice, which is typically a key factor in deciding whether equitable estoppel applies.  See, e.g., Briggs v. Waters, No. 2:06CV154, 2006 WL 1982758, at *1, 3 (E.D. Va. June 28, 2006) (noting that equitable estoppel requires a plaintiff to show that she would suffer prejudice if a defendant is not estopped from asserting a certain position).  Additionally, the filing of minimal responsive pleadings, such as an answer or compulsory counter-claim is "not necessarily inconsistent with an intent to pursue arbitration." Patten Grading & Paving, Inc. v. Skanska USA Building, Inc., 380 F.3d 200, 206 (4th Cir. 2004) (finding that plaintiff had not waived its right to arbitration when the action had proceeded in discovery, mediation, and motions decided before the district court over eight months).  For these reasons and in the interests of justice, the Court considers Defendant's argument in its Motion to Compel.

Applying the principle that a party may not avail itself of one aspect of a contract and disavow another aspect of the contract in order to avoid its consequences, particularly an arbitration clause, the Court finds that Plaintiff must abide by the arbitration clause.

### III.  CONCLUSION

For the reasons stated above and per the Court's May 26, 2010 Order (Doc. No. 19) the Court GRANTS Defendant's Motion to Compel Arbitration.

The proceedings are STAYED pending arbitration.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __9th__ day of June 2010